The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to your request for an opinion on whether drug task force personnel employed by prosecuting attorneys under the grant system are state employees and covered by state benefits such as workers' compensation, liability insurance, and retirement benefits.
It must be initially noted that a conclusive determination regarding the general status of drug task force personnel as "state employees" will, in my opinion, require legislative clarification. The legislation authorizing these positions provides no clear guidance in this regard, nor has my research yielded any case law on point. A definitive answer can only result from legislative action or from a judicial decision that provides precedent on the issue.
With regard to the eligibility of these employees for state benefits, I believe the resolution of that issue will require reference to the particular provision(s) governing the benefit in question. As you have noted, Attorney General Opinion88-391 (copy enclosed) addresses the eligibility of drug task force investigators and employees in the Eighth, Tenth, Thirteenth, Sixteenth and Twentieth Judicial Districts for state employees' insurance and retirement benefits. It was concluded therein that A.C.A. 21-5-410 (state employees' insurance) and 24-4-101 (public employees' retirement) appear to include these employees within their definitions, respectively, of "eligible employees" and "state employees." I believe that is a reasonable conclusion based upon the language of those provisions. My research has disclosed no compelling basis for modifying Opinion 88-391. As noted therein, that opinion is based upon an interpretation of the relevant Code sections, in the absence of case law authority or a clear legislative pronouncement regarding the status of these personnel. Op. Att'y Gen. 88-391 at 3.
With regard to workers' compensation, I believe the drug task force employees would be covered as "public employees" under the Public Employee Workers' Compensation Act (A.C.A.21-5-601 et seq. (1987 and Cum. Supp. 1993), although the definitions therein are not particularly helpful in assigning their precise status. See A.C.A. 21-5-603(a)(1) (Cum. Supp. 1993) (definition of "state employees and officers") and (a)(4) ("county employees").
With regard to liability insurance, the question of liability coverage would, I believe, require reference to the particular policy provisions. Any question concerning the payment of claims under A.C.A. 19-10-301 et seq. (1987 and Cum. Supp. 1993) and 21-9-201 et seq. (1987) (claims before State Claims Commission) must be resolved on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure